## SAUNNIÓN PLAINTIFF AND APPELLEE, v. DÍAZ, DEFENDANT AND APPELLANT.

### APPEAL from the District Court of Guayama in an Action of Debt.

#### No. 2241.—Decided June 20, 1921.

DEMURRER—AMBIGUITY—ERROR.—Although the trial court may err in overruling a demurrer for ambiguity, if the defendant answers and admits that the theory of the complaint was explained at the trial it is necessary to conclude that the error is not so prejudicial as to require a reversal of the judgment.

EVIDENCE—POWER OF ATTORNEY.—In an action against a married woman it is not error to admit in evidence a power of attorney given by the defendant to her husband if the power is consistent with the complaint construed in the sense that the defendant had acted in the transaction which gave rise to the action through her attorney in fact, independently of whether or not he was her husband.

ID.—A note-book with entries which have no connection with the transaction on which the action is based, but with prior transactions, is not admissible in evidence.

ID.—The action having been brought against the defendant personally and not as executrix, administratrix, heir or legal representative of her deceased husband, the plaintiff's testimony regarding the making of the contract with the husband and the delivery of the consideration to him as the attorney in fact of his wife is admissible in evidence, for the prohibition contained in section 3 of the Act of March 10, 1904, is not applicable to such testimony.

The facts are stated in the opinion.

*Messrs. M. A. Martínez Dávila* and *T. Bernardini* for the appellant.

*Messrs. J. C. Ramos* and *J. J. Aponte* for the appellee.

MR. JUSTICE DEL TORO delivered the opinion of the court.

Maximino Saunnión brought an action in the District Court of Guayama against María Esperanza Díaz, widow of Palés, to recover eight hundred dollars. The defendant demurred to the complaint and the demurrer was overruled. Then she answered. The case went to trial and the court gave judgment against her, whereupon she raised this appeal.

The appellant assigns five errors which we shall examine in the order presented.

1. "The court erred in overruling the demurrer pleaded

by the defendant.'' The defendant contended that the complaint was ambiguous, unintelligible and uncertain and the demurrer was overruled. We have studied the complaint and in our opinion the defendant was right because the complaint does not set forth clearly the manner in which and the person with whom the contract declared on was entered into, nor whether the defendant's husband acted as such or as an independent attorney in fact, nor was it stated positively whether the property sold to the plaintiff was the separate property of the defendant or community property. However, as the demurrer was overruled and the defendant answered, the answer showing that the defendant prepared herself for any interpretation that might be given to the complaint, and as the defendant admits that the theory of the complaint was established at the trial, it is necessary to conclude that the error was not so prejudicial as to require a reversal of the judgment. Section 142 of the Code of Civil Procedure.

2. ''The court erred in admitting in evidence, over the objection of the defendant, deed number fifty-one executed by the defendant.'' The record shows that the defendant objected to the admission of the document, which was a power of attorney given by the defendant to her husband, but it does not appear that she excepted to the ruling of the court admitting the document in evidence. Beside that evidence was consistent with the complaint construed in the sense that the defendant acted through her attorney in fact, regardless of whether or not he was her husband; therefore its admission was not error.

3. ''The court erred in not admitting in evidence a notebook in which the defendant's husband kept his accounts.'' The book referred to a transaction made one year before that which gave rise to this action and had no connection with the action, and for that reason the court did not com-

mit the error assigned in refusing to admit the book in evidence.

4 and 5. "The judgment is contrary to the evidence and to the law." Assignments four and five may be so joined and should be examined together.

The defendant was married to Rafael Palés to whom she gave a power of attorney to sell her properties. Palés died and it is alleged that before his death and acting as the agent of the defendant, Palés sold to the plaintiff some old oxen belonging to the defendant for the sum of eight hundred dollars which the plaintiff paid to Palés, but that neither Palés nor the defendant ever delivered the said oxen to the plaintiff. The contract was verbal and the principal witnesses are the plaintiff, who testified that he made the contract and paid the money to Palés, and Guillermo Garau, who testified that he had furnished to the plaintiff the eight hundred dollars for the purchase of the oxen and afterwards asked Palés whether he had received the money, receiving an affirmative reply. The appellant maintains that in accordance with the law as construed by this court in the case of *Wilcox* v. *Axtmayer et al.*, 23 P. R. R. 319, the testimony of the plaintiff and of Garau, in so far as it referred to statements made by Palés, who was dead when the action was brought, was inadmissable in evidence.

The record shows that no objection was made by the defendant to the testimony of the plaintiff and of Garau when they referred to the acts and statements of Palés in connection with the said contract. The question is raised for the first time in this court.

Besides, the action was brought against María Esperanza Díaz individually and not as executrix, administratrix, tutrix, heir or legal representative of a deceased person; therefore section 3 of the act to define who are competent witnesses of March 10, 1904, Acts of 1904, page 130, is not applicable. In this connection Cyc. says:

"The statutory rule that parties and interested persons are competent witnesses is subject to one exception which is almost as general as the rule itself, for in nearly all of the states the statutes impose restrictions upon the competency of parties and interested persons in actions by or against representatives, survivors, or successors in title or interest of persons deceased or incompetent. But it is held that the terms of the exception will not be extended by judicial construction, nor will testimony be excluded where the case is not clearly within the terms of the statute." 40 Cyc. 2260.

As to the general result of the evidence, the trial court found as follows:

"The defendant, María Esperanza Díaz, was married to Rafael Palés Díaz. On September 15, 1917, the defendant gave to her husband a general power of attorney authorizing him, among other things, to sell property, collect debts, etc., referring to the property of the said defendant. That in April, 1918, plaintiff Saunnión purchased from Rafael Palés Díaz fourteen oxen belonging to Isolina Díaz for the sum of $800; that on April 7 of the same year and on a street in Guayama the plaintiff paid to Palés Díaz the $800 and it was agreed that Palés should deliver the said oxen to the plaintiff as soon as the harvest terminated; that some days later and before the plaintiff received the oxen, Palés became ill and died; that the plaintiff has demanded of the defendant the performance of the contract or the return of the money, but the defendant has refused to do either."

We have examined all of the evidence and in our opinion there is no ground for holding that the court erred in weighing it in the manner described. And having reached this conclusion, it is clear that the judgment must be affirmed, for, in accordance with the law and the facts, the defendant is under the obligation to return to the plaintiff the sum of eight hundred dollars, with legal interest from the date of the filing of the complaint, and pay the costs, as ordered by the judgment of the district court.

*Affirmed.*

Chief Justice Hernández and Justices Wolf and Aldrey concurred.

Mr. Justice Hutchison took no part in the decision of this case.